IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHARMACISTS MUTUAL INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) ZURICH AMERICAN INSURANCE ) COMPANY and RAMONA J. HERMAN, ) ) Defendants. ) | Case Number CIV-08-380-C |

## MEMORANDUM OPINION AND ORDER

Defendant Ramona J. Herman ("Herman") is the plaintiff in a medical malpractice action where the defendants are covered by insurance policies issued by Plaintiff and Defendant Zurich American Insurance Company ("Zurich"). Plaintiff brought the present action seeking to determine an insurance coverage dispute between it and Defendant Zurich regarding the coverage available to pay any judgment obtained by Herman. According to Plaintiff, it provides insurance coverage that is in excess to that provided by Zurich. Plaintiff argues that, depending on how the insurance policy issued by Zurich is construed, the coverage provided by Zurich is either $1,000,000.00 or $3,000,000.00. When Plaintiff filed the present action, it included Herman as a Defendant but made no specific claims against her. Rather, Plaintiff only noted the existence of Herman's claims against its insured. Herman answered and filed a cross-claim against Zurich requesting the Court to resolve the issue of the coverage available under the Zurich policy.

Zurich filed the present motion seeking dismissal of Herman's cross-claim arguing she has failed to state a claim for relief. Zurich argues that Herman cannot show the existence of an actual controversy between herself and Zurich. Herman argues an actual controversy does exists as she has an interest in the amount of coverage and that a determination of coverage will assist her in settlement negotiations. Plaintiff has joined in the motion to dismiss Herman's cross-claim.

Herman has failed to state a claim for relief as she has failed to demonstrate the existence of a live controversy. In short, Herman's claim is not yet ripe/justiciable. "In order for a claim to be justiciable under Article III, it must present a live controversy, ripe for determination, advanced in a 'clean-cut and concrete form.'" Kan. Judicial Review v. Stout, 519 F.3d 1107, 1116 (10th Cir. 2008) (quoting Renne v. Geary, 501 U.S. 312, 322 (1991)). In determining whether an issue is ripe, the Court "focuses not on whether the plaintiff was in fact harmed, but rather 'whether the harm asserted has matured sufficiently to warrant judicial intervention.'" Morgan v. McCotter, 365 F.3d 882, 890 (10th Cir. 2004) (citation omitted). "In short, '[r]ipeness doctrine addresses a timing question: when in time is it appropriate for a court to take up the asserted claim.'" Kan. Judicial Review, 519 F.3d at 1116 (quoting ACORN v. City of Tulsa, 835 F.2d 735, 738 (10th Cir. 1987) (quotation omitted)). The Tenth Circuit has provided a two-step inquiry for determining if an issue is ripe. The Court is to consider "'the fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration.'" Sierra Club v. Yeutter, 911 F.2d 1405, 1415 (10th Cir. 1990) (citation omitted).

Applying this test to the present case establishes that Herman's claim is not yet ripe. As noted by Zurich, there is, as of yet, no determination that Herman is owed anything, much less an amount in excess of whatever coverage Zurich provides. While Herman suggests a determination will assist in settlement, that factor is too amorphous to create an actual claim. No party has an obligation to settle with Herman or to even engage in settlement negotiations with her. Thus, the issue is not fit for judicial resolution. As for the second factor, it also weighs in favor of dismissal. Other than the issue of settlement assistance, no party has offered any argument or suggestion that a delay in determination will create hardship. Indeed, even without Herman's cross-claim, the Court will proceed to determine the coverage issue between Plaintiff and Zurich. To the extent Herman complains she will be bound by that determination without having had an opportunity to participate, that issue is not ripe until a decision is made that is adverse to Herman. The extent to which Herman is bound by the decision can certainly be addressed at that time.

As set forth more fully herein, Defendant Zurich American Insurance Company's Motion to Dismiss Ramona J. Herman's Counterclaim (Dkt. No. 15) is GRANTED. Likewise, Plaintiff Pharmacists Mutual Insurance Company's Joinder in the Motion to Dismiss (Dkt. No. 19) is GRANTED. However, the dismissal is without prejudice. Because Herman has failed to state a claim for relief, her Motion for Summary Judgment (Dkt. No. 16) is STRICKEN as moot. Finally, Defendant Zurich American Insurance Company's Motion to Deem Confessed (Dkt. No. 18) is DENIED.

IT IS SO ORDERED this 20th day of August, 2008.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge